# SUPERIOR COURT

State
vs.                No. 410
Vincenzo Del Giudice

## RESCRIPT

November 20, 1924

CAPOTOSTO, J. The defendant was put upon trial on an indictment charging him with the murder of one Norwood Mimms on the 21st day of April, 1924. The jury having returned a verdict of manslaughter, the defendant moves for a new trial on ground that the evidence is insufficient to sustain the verdict.

The defendant ran the Phenix Hotel, so-called, a place which he had taken over only a few months before. The deceased, Norwood Mimms, and a number of his companions, who were employed with him at the Scituate Water Works, came down from the dam on Easter Sunday evening, and going first to Arctic, where they stopped at various places, finally went to the defendant's place of business. Whatever the object of the twelve or fifteen young men was in going to the Phenix Hotel, their going there resulted in a misunderstanding between Mimms and the defendant. An exchange of blows with their fists by the two men soon brought on a general mix-up, during the course of which the defendant found himself surrounded by Mimms and a number of his friends who began beating him without much consideration. This resulted in some of the defendant's friends going to his assistance, but apparently they were outnumbered. The defendant, who had fallen to the ground, while in the act of getting on his feet, siezed a thick board, which happened to be on the floor near him and struck at his adversaries, who were then surrounding and beating him. The blow struck the deceased on the head and, as he fell, the crowd scattered. What

happened after this is more seriously disputed. Some witnesses for the State, former companions of Mimms, claimed that while the deceased was in a dazed condition the defendant struck him one or two other blows, and that as he was being led out of the room, the defendant forcibly jabbed him in the face and other parts of the body with the board which he still retained. The autopsy on the body of the deceased, performed by Dr. Griffin, disclosed a fracture of the skull and some scratches and abrasions of the face, which, according to the doctor, were probably caused by a fist or fingers. The physical facts deny the alleged brutality of jabbing Mimms with the thick board as claimed.

The question really resolves itself into a consideration of whether or not the defendant used more force than was absolutely necessary to protect himself. The claim of the State that the defendant struck more than one blow finds corroboration in the testimony of at least one of the defendant's witnesses.

Giving to the defendant the benefit of every reasonable doubt and assuming that he was not the aggressor in bringing on the affray, yet there is evidence which would warrant the jury in finding that after all danger to himself had passed, the defendant used unnecessary force and unwarranted force.

While the court appreciates fully the fact that the defendant, in the battered condition in which he found himself, probably did not stop to consider his actions with any exact degree of care, yet the testimony of a blow or blows after the deceased had become powerless and the crowd had scattered, if believed, would warrant the jury in finding that the defendant, in defending himself, had in fact used more force than necessary. The able and exhaustive argument by counsel for the defendant would undoubtedly appeal to the court more forcibly upon a question of punishment than on the question of granting a new trial.

I am of the opinion, therefore, that the jury returned a just verdict. The defendant may properly appeal to the consideration and leniency of the court on the question of sentence, but can not complain of the jury's verdict finding him guilty of manslaughter.

Motion for a new trial denied.

For State: John P. Hartigan and John H. Nolan.

For Defendant: Thomas F. Cooney and Patrick F. Barry.